IN THE UNITED STATES OF AMERICA

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION



UNITED STATES OF AMERICA

V.  NO: 4:14CR28

MARK HODGES

### PRO-SE MOTION TO DISMISS CHARGE DUE TO SPEEDY TRIAL VIOLATION

1) Mark HODGES, was arrested without warrant or probable cause by Rockwall Police Dept. on 23 Mar2014.
(DOC#1)

2) GOVT filed a complaint of record the following day. 24 Mar 2014. (DOC #2)

3) HODGES was assigned Lee Tatum as CJA appointed counsel on 2 June 2014.

4) The 6th Amendment guarantees a right to a speedy trial by jury. This right was never waived by HODGES. Normal rule on this is 70 days from indictment; it has now been over 2 years.

5) HODGES was superseded in a Second Superseding Indictment, in which he has never be provided a copy of. (14 May 2014, on the DOC)

6) HODGES constitutional rights to effective counsel and speedy trial have been violated by over 700 days.

7) Evidence provided against HODGES has shown to be NON existent of any connection to the charges at all.(as there is none)

### CLOSING

8) Since HODGES has been detained unlawfully without a valid arrest warrant, and has been denied his rights to effective counsel and most importantly Speedy Trial, he has been prejudiced by 20 other people who were conspiring together, pleading out.

9) Therefore, it is HODGES right, that this court DIMISS this suit, for violations of Speedy Trial rights, and release Mark Hodges immediately.

## SUPPORTING CASE LAW

A) <u>Citing US v Fazio 2013(5th Cir) further citing US v Levine (5th Cir 1977);</u>

The Fifth Circuit has explained that "[i]n ruling on a motion to sever, a trial court must balance potential prejudice to the defendant against the 'public interest in joint trials where the case against each defendant arises from the same general transaction.'" *U.S. v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004). The Supreme Court noted that "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id.* at 539 (citing *Kotteakos v. United States*, 328 U.S. 750, 774-75, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946)).

B) <u>United States v Richardson 2008 (5TH Cir);</u>

"<u>Chandler</u> itself, differ markedly from the present case because the only defendant in this case, Richardson, was not a spoke, but the hub of all the conspiratorial acts the government sought to prove at trial. Thus, the concern that largely motivated the holding in <u>Chandler</u> -- i.e., that in a "multi-defendant conspiracy prosecution . . . individuals who are not actually members of the group will be swept into the conspiratorial net," <u>Chandler, 388 F.3d at 798</u>

Respectfully Submitted this 10 Day of May 2016.

*/s/ Mark Hodges*

Mark Hodges

Pro Se

Cc: New Orleans 5th Circuit court

Lee Tatum

Ernest Gonzalez

### Certificate of Service

I swear under penalty of perjury, a copy of this has been mailed to Ernest Gonzalez, Prosecutor for the USA. Plano,TX address on file.

*/s/ Mark Hodges*

Mark Hodges

Cc: New Orleans 5th Circuit.