Lee Tatum, court appointed counsel.



IN THE UNITED STATES OF AMERICA

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

UNITED STATES OF AMERICA

V.    NO: 4:14CR28

MARK HODGES

## PRO-SE MOTION TO DISMISS ON 12(B)(1) CHALLENGE TO JURISDICTION

### BACKGROUND

HODGES has been alleged to be involved with a Conspiracy (18 USC 846).

The alleged conspiracy supposedly involved more than 50 grams of (actual) methamphetamine, in violation of 18 USC 841(a)(1)., and was alleged to be "in the Eastern district of Texas and elsewhere".

### FACIAL/FACTUAL PROOF OF JURISDICTION LACKING

HODGES challenges the Jurisdiction of this Charge on facial and factual grounds as follows;

According to the 5th Circuit Pattern Jury instructions 2.87(2012) we get the following direction;

1) "First: That the Defendant knowingly possessed a controlled substance;"

   On this point, the record will show that there is no connection to HODGES and any drugs as would be required to support criminal jurisdiction.

2) "Second: That the substance was in fact a mixture or substance containing a detectable amount of meth; and" (lacking Jurisdiction)

   On this point, again, the record shows no allegation or evidence to support HODGES with any substance as outlined.( lacking Jurisdiction)

3) "That the defendant possessed the substance with the intent to distribute it."

With no evidence on record, of HODGES possessing any substance as defined, nor any connection to a "distribution" conspiracy then this element of Jurisdiction has not been established either.

## SUPPORTING CASE LAW

C) **Citing US v Fazio 2013 (5th Cir); further citing US v Beechum.**

"As the statute makes clear, admitting evidence of other wrongdoing is not permitted if the sole purpose is to imply that the person is a bad actor, hence likelier to have committed the crime at issue. It is admissible if for a distinct purpose, such as proving motive, intent, identity and so forth. Nevertheless, courts have long recognized that this distinction is fraught with danger, since a juror would still have the tendency nonetheless to tar the defendant broadly with the other wrong doing, regardless of whether it might be relevant for a particular characteristic. *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978) "What the rule calls for is essentially a two-step test. First, it must be determined that the extrinsic evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice." *Id.* at 911".

D) **Citing US v Fazio 2013(5th Cir) further citing US v Levine (5th Cir 1977)**

"In *United States v. Levine*, 546 F.2d 658, 662-63 (5th Cir. 1977), the defendants were charged with conspiracy and interstate shipment of obscene films. While the charges were the same, the allegations arose "from different factual matrices, implicating different defendants at different times . . . . Especially when, as here, the nexus between the separate groups is the defendants common to each and a mutual identity of the counts charged, the transference of guilt from one group of defendants to another is inexorable. The result is inherent prejudice that no form of limiting instructions or cautionary charge could absolve . . . ." *Id.* at 662. The government argued it was a 'wheel conspiracy' - "For a wheel conspiracy to exist those people who form the wheel's spokes must have been aware of each other and must do something in furtherance of a single, illegal enterprise." *Id.* at 663.

Again, in the case at bar, Fazzio is the only common defendant and the indictment makes no claim that Ton and Titus were aware of each other, much less that they did something in furtherance of a single, illegal enterprise. "

E) Citing United States v Flower 2015( 5th Cir) citing US v Simmons, and further citing US v Kotteakos (1946);

F) The Fifth Circuit has explained that "[i]n ruling on a motion to sever, a trial court must balance potential prejudice to the defendant against the 'public interest in joint trials where the case against each defendant arises from the same general transaction.'" *U.S. v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004). The Supreme Court noted that "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id.* at 539 (citing *Kotteakos v. United States*, 328 U.S. 750, 774-75, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946)).

## CLOSING

In light of the above, and as such the GOVT has failed to allege or provide proof of the required Jurisdictional Elements,

HODGES hereby request the courts to order the GOVT to either show supportive, admissible evidence to satisfy Jurisdictional Challenges; or

Sever HODGES from the Current suit; or

Dismiss this suit due to lack of Subject Matter Jurisdiction.

Respectfully submitted this 10th day of May 2016.

Mark Hodges

Pro Se

## Certificate of Service

I swear under penalty of perjury, a copy of this has been mailed to Ernest Gonzalez, Prosecutor for the USA. Plano, TX address on file.

Mark Hodges

Cc: New Orleans 5th Circuit.

Lee Tatum, court appointed counsel.