| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:14-CR-28(13) |
| | § | |
| MARK HODGES | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Mark Hodges's ("Hodges") *pro se* Objections for the Record (#727), Motion to Dismiss Charge Due to Speedy Trial Violation (#728), and Motion to Dismiss on 12(b)(1) Challenge to Jurisdiction (#729), seeking to dismiss the charges against him on the grounds that his rights under the Speedy Trial Act, 18 U.S.C. § 3161, were violated and that there was an insufficient evidence in the record to support the court's subject matter jurisdiction.[1]

Hodges was arrested in this matter on March 23, 2014, and charged with Conspiracy with the Intent to Manufacture and Distribute Methamphetamine, in violation of 21 U.S.C. § 846. The Government filed a First Superseding Indictment (#78) on April 9, 2014, and a Second Superseding Indictment (#115) on May 14, 2014. Hodges pleaded guilty to Count One of the Second Superseding Indictment on April 26, 2016, at a hearing before United States Magistrate Judge Don Bush. *See* Doc. No. 679. Hodges also signed a Plea Agreement (#680) with the

---

[1] As to Hodges's Objections for the Record (#727), there is no indication as to what Hodges is objecting—whether to a particular order, specific proceeding, or even to the entire case. Therefore, the court is unable to consider these purported objections.

Government pursuant to FED. R. CRIM. P. 11(c)(1)(C), as well as an independent Factual Basis (#682).

Shortly thereafter, Judge Bush entered Findings of Fact and Recommendation on Guilty Plea (#711), recommending that the court accept Hodges's guilty plea and plea agreement. The court adopted Judge Bush's findings of fact and recommendation, without objection, on May 12, 2016. *See* Doc. No. 717. Accordingly, the court adjudged Hodges guilty as to Count One of the Second Superseding Indictment, but deferred acceptance of the plea agreement until after review of the presentence report. Hodges filed the present motions and objections four days later, on May 16, 2016.

These motions and objections do not bear the signature of Hodges's court-appointed counsel or a certificate of service indicating that Defendant sent a copy of his motion to any counsel of record herein. Furthermore, there is no indication that Hodges's attorney has adopted the *pro se* motions or objections. Without the approval of or the adoption of these filings by defense counsel, Hodges is not permitted to file *pro se* pleadings. A "criminal defendant does not have the right . . . to a 'hybrid representation,' partly by counsel and partly by himself." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *accord Batchelor v. Cain*, 682 F.3d 400, 411 n.5 (5th Cir. 2012); *United States v. Long*, 597 F.3d 720, 724 (5th Cir.), *cert. denied*, 561 U.S. 1034 (2010); *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008); *United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir.), *cert. denied*, 528 U.S. 1055 (1999) (citing *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996)). Therefore, the court will not consider Hodges's motions or objections.

Furthermore, even if the court were to consider Hodges's motions or objections, he would not be entitled to relief. Regarding his rights under the Speedy Trial Act, the "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under [the Speedy Trial Act]." 18 U.S.C. S 1362(a)(2); *accord United States v. McElhaney*, 469 F.3d 382, 386 (5th Cir. 2006); *United States v. Hernandez*, 457 F.3d 416, 420 (5th Cir. 2006). Hodges has already pleaded and been adjudged guilty in this case and has not sought to withdraw his plea. Thus, he has waived his right to dismissal under the Speedy Trial Act.[2]

Pertaining to Hodges's second motion, he maintains that the facts as pleaded do not establish that he committed a violation of 21 U.S.C. § 841(a)(1).[3] Nonetheless, Hodges pleaded guilty to a violation of § 846, not § 841(a)(1), and signed both a plea agreement and factual basis stipulating to the elements and underlying facts of that offense. Hodges has not asked to withdraw his plea, and Judge Bush and this court have found that it constitutes a knowing and voluntary plea that was supported by an independent factual statement containing each of the essential elements of the § 846 offense. *See United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir.), *cert. denied*, 555 U.S. 946 (2008). Thus, there is sufficient evidence in the record to support Hodges's guilty plea and adjudge him guilty.

---

[2] The court would further note that it does not appear from the record that Hodges's rights under the Speedy Trial Act have been violated.

[3] Hodges misidentifies the relevant statute underlying his conspiracy charge as 18 U.S.C. § 841(a)(1).

Accordingly, it is ORDERED that Hodges's Objections for the Record (#727), Motion to Dismiss Charge Due to Speedy Trial Violation (#728), and Motion to Dismiss on 12(b)(1) Challenge to Jurisdiction (#729) be stricken from the record.

SIGNED at Beaumont, Texas, this 2nd day of June, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE