IN THE UNITED STATES OF AMERICA
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:14CR28 |
| | § | Judge Crone |
| MARK HODGES (13) | § | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW PLEA AGREEMENT**

The United States of America, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, files this Government's Response in Opposition to the Defendant's Motion to Withdraw Plea Agreement, and in support thereof, would show the following:

**I.**

**Procedural History**

On March 24, 2014, Mark Hodges (Hodges) was arrested on a complaint and was initialed on the charges alleged in the complaint. On March 26, 2014, Hodges waived a preliminary and detention hearing. On April 9, 2014, a Federal Grand Jury for the Eastern District of Texas returned a one-count First Superseding Indictment against Hodges. Count One alleges a violation of Title 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine. On May 14, 2014, a Federal Grand Jury for the Eastern District of Texas returned a one-count Second Superseding Indictment against Hodges also alleging a violation of Title 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine. On April

**Government's Response in Opposition – Page 1**

26, 2016, Hodges entered a plea of guilty to Count One of the Second Superseding Indictment. With consent of the parties, the plea hearing took place before United States Magistrate Judge Don D. Bush. On May 12, 2016, the Honorable United States District Judge Marcia A. Crone entered her Order adopting the Findings of Fact and Report and Recommendation of United States Magistrate Judge Don D. Bush, accepting the plea and finding the Defendant guilty of Count One of the Second Superseding Indictment.

On June 16, 2016, Hodges filed his Motion to Withdraw Plea Agreement. A hearing has been set on this matter for June 29, 2016.

## II.

## Defendant's Allegations

The defendant fails to state any reason or basis for his Motion to Withdraw Plea Agreement. Hodges fails to allege any legal or constitutional violations which would merit the granting of his motion. Hodge's motion simply states that he no longer wishes to plead guilty.

## III.

## Facts of the Case

In March of 2014, Drug Enforcement Administration Special Agent Robert Binder and Detective Jeff Ingalls of the Rockwall, Texas Police Department, interviewed a Cooperating Defendant, hereafter referred to as CD, regarding the drug trafficking activities of defendant David Brown. The CD identified Brown as a methamphetamine trafficker and agreed to cooperate with law enforcement. On or about March 16, 2014

agents learned through the use of the CD that Brown made arrangements to travel to Missouri to meet with an individual only known to the CD as "Shotgun," later identified as Mark Hodges. According to the CD, Brown supplied Hodges with kilogram quantities of methamphetamine and planned on traveling to Missouri to continue negotiations with Hodges. David Brown had been indicted in the Eastern District of Texas for a violation of Title 21 USC 846 Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine (4:14CR28-01). During the investigation into Brown, agents learned of an incident on January 23, 2014 from officers in Missouri in which a traffic stop was conducted on a vehicle leaving a hotel. Pursuant to the stop, agents seized an amount of methamphetamine from the vehicle and later seized approximately $24,000.00 from Hodges in the hotel room.

On March 19, 2014, agents arrested Brown in Rowlett, Texas after agents learned of Brown's return from Missouri. Brown was interviewed by agents following his arrest after being read his Miranda Rights by Special Agents Rob Binder and Justin Hitz. Brown waived his rights and agreed to speak with agents.

Brown identified an individual named Mark Hodges as a methamphetamine customer based in Missouri. Brown acknowledged he had just returned from Missouri where he met with Hodges and supplied him approximately one (1) kilogram of methamphetamine. Agents learned Brown had an outstanding warrant for Aggravated Assault with a Deadly Weapon in Rockwall County and subsequently placed Brown under arrest for the warrant with a federal hold pending transport by the United States

Marshal Service. Brown agreed to continue to cooperate with law enforcement while in custody.

On March 22, 2014, under the control of investigating agents/officers, Brown placed a series of recorded/monitored phone calls to Hodges. During these phone calls, agents learned Hodges owed Brown money for a prior transaction and agreed to send a partial payment to Brown via wire transfer. In addition, Hodges advised Brown he intended to travel to Rockwall, Texas and obtain approximately one (1) kilogram of methamphetamine from Brown. Hodges advised Brown he estimated his arrival to be on March 23, 2014. On March 22, 2014, agents learned that Hodges wired Brown $5,200.00 in United States Currency via Moneygram.

On March 23, 2014, Brown received multiple incoming calls from Hodges. Brown then placed a recorded/monitored call to Hodges. According to the phone call, Hodges stated he was currently in Arkadelphia, Arkansas and would arrive in Rockwall, Texas in approximately three hours. At approximately 5:09 a.m., Hodges sent a text message to Brown stating, "*don't forget about the guy too want to introduce it up there got lots interested.*" Based on this incoming text message, agents believed another individual was traveling with Hodges. Agents believed Hodges wished to introduce another individual to Brown as another potential methamphetamine customer.

At approximately 9:00 a.m., Hodges called Brown multiple times and sent a text message stating he had arrived at the Super 8 motel in Rockwall, Texas, room 221. Following the text message, Brown placed a recorded/monitored phone call at approximately 9:30 a.m. During the call, Brown arranged a meeting with Hodges at the

**Government's Response in Opposition – Page 4**

Wal-Mart in Rockwall, Texas. During the phone call, Hodges asked Brown if Brown was able to withdraw the money sent to Brown by Hodges. As a result of the phone call, agents made preparations for the arrest of Hodges and any potential co-conspirators who agreed to meet Brown at the Wal-Mart. Surveillance had been established at the Super 8 Motel.

During surveillance, agents observed two white males identified as Hodges and George Parr exiting the area of room 221 and entering a red Dodge pickup truck registered to George Parr. Agents maintained surveillance of the vehicle and shortly after arranged a traffic stop by a marked patrol unit in Rockwall, Texas.

Following the stop, agents met with Hodges who had two cellular telephones in his possession, receipts for the wire transfer to Brown, and United States Currency believed to be approximately $2,000.00. In addition, agents later executed a search warrant for hotel room 221 and seized a small amount of methamphetamine, a methamphetamine pipe, a scale (found in Parr's bag), and several plastic baggies with residue (found in Parr's bag). A large scale was also found in a bag belonging to Hodges.

Special Agent Rob Binder, as witnessed by Jeff Ingalls, later interviewed Hodges. Prior to speaking with him, Special Agent Binder read him his Miranda Rights. Hodges refused to speak with agents.

Special Agent Rob Binder, as witnessed by Jeff Ingalls, interviewed Parr. Prior to speaking with him, Special Agent Binder read Parr his Miranda Rights. Parr waived his rights and agreed to speak with agents stating the following. Parr stated that he recently met Hodges within the last month. Parr advised agents he had knowledge he and Hodges

were traveling to the Rockwall area to meet Hodges' "connection." Parr believed he would be paid by Hodges in methamphetamine or United States Currency for driving Hodges from Missouri to Rockwall.

## IV.
### Discussion

There is no absolute right to withdrawal of a guilty plea. However, upon a showing of a "fair and just reason" a district court may permit a defendant to withdraw a guilty plea at any time before sentencing. F.R.C.P.32(e); *United States v. Benavides*, 793 F.2d 612, 616 (5th Cir.1986), cert. denied, 479 U.S. 868 (1986).

The Fifth Circuit has reasoned that a Defendant bears the burden of establishing a "fair and just reason" for withdrawing his guilty plea and that by "[a]llowing [the defendant] to withdraw his plea without a fair and just reason would defeat the purpose of the plea hearing and diminish the significance of entering pleas." *United States v. Adam*, 296 F.3d 327, 332 (5th Cir. 2002), *citing United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997).

In determining whether to allow a withdrawal of a guilty plea the District Court is to consider seven (7) factors, known in the Fifth Circuit as the *Carr* factors, as first articulated in *United States v. Carr*, 740 F.2d 339, 334 (5th Cir.1984), cert. denied, 471 U.S. 1004 (1985). It is clearly established that no single factor is dispositive; the determination is based on the totality of the circumstances; and the burden of establishing a "fair and just reason" for withdrawing a guilty plea rests at all times with the defendant.

**Government's Response in Opposition – Page 6**

*United States v. Lampazianie*, 251 F. 3d 519, 524 (5th Cir. 2001). The seven *Carr* factors to be considered are:

    (1)    whether the defendant has asserted his innocence;
    (2)    whether withdrawal would prejudice the government;
    (3)    whether the defendant delayed in filing the motion; and if so, the reason for the delay;
    (4)    whether withdrawal would inconvenience the court;
    (5)    whether adequate assistance of counsel was available to the defendant;
    (6)    whether the plea was knowing and voluntary; and
    (7)    whether withdrawal would waste judicial resources.
    *See, Grant*, 117 F.3d at 789.

## IV.

## Burden of Proof

Not only does the Defendant have the burden of proving that withdrawal is justified, the District Court's ruling will not be reversed absent an abuse of discretion. *Grant*, 117 at 789.

## V.

## Background

The following facts were admitted as true by Hodges at the change of plea hearing on April 26, 2016:

1. That the defendant, Mark Hodges, who is changing his plea to guilty, is the same person charged in the Second Superseding Indictment.

2. That the events described in the Second Superseding Indictment occurred in the Eastern District of Texas and elsewhere.

      3.      That Mark Hodges and one or more persons in some way or manner made an agreement to commit the crime charged in the Second Superseding Indictment, to knowingly and intentionally possess with the intent to distribute and 1.5 kilograms but less than 5 kilograms of a mixture or substance containing a detectable amount of methamphetamine or at least 150 grams but less than 500 grams of methamphetamine actual.

      4.      That Mark Hodges knew the unlawful purpose of the agreement and joined in it with the intent to further it.

      5.      That Mark Hodges knew that the amount involved during the term of the conspiracy involved at least 1.5 kilograms but less than 5 kilograms of a mixture or substance containing a detectable amount of methamphetamine or at least 150 grams but less than 500 grams of methamphetamine actual.

      6.      That this amount was involved in the conspiracy after Hodges entered the conspiracy, was reasonably foreseeable to Hodges, and was part of jointly undertaken activity.

      7.      And lastly, that Hodges' role in the conspiracy was to supply co-conspirators with kilogram quantities of methamphetamine from various sources which would then be distributed to other co-conspirators and co-defendants during the term of the conspiracy in the Eastern and Northern Districts of Texas.

These facts were tendered at the time of the plea and were thoroughly reviewed by United States Magistrate Judge Don D. Bush. Hodges agreed to the Factual Statement

acknowledging that without reservation the facts accurately described his acts which constituted a violation of federal laws.

## VI.

## Application of the Carr Factors to the Instant Case

Factor 1.    Whether the defendant has asserted his innocence.

Hodges has not asserted his innocence to the charge for which he has pled guilty in a timely manner. At the time of his plea before Judge Don D. Bush, Hodges freely and voluntarily admitted his guilt under oath. Hodges freely and voluntarily admitted to the facts which constituted evidence of guilt against him for Counts One of the Second Superseding Indictment. Hodges has not even asserted his innocence in his Motion to Withdraw Plea Agreement.

Factor 2.    Whether withdrawal would prejudice the government.

As indicated by the Government's opposition in this Response to the withdrawal of the Defendant's plea agreement, the Government would be prejudiced if this matter was now set for trial. Investigators, agents, and this prosecutor have moved on to other pressing matters, in reliance on the fact that the guilt/innocence aspect of this case has been justly concluded, without the necessity of a trial. All efforts and manpower required for trial would have to be re-focused, and re-scheduled, with other cases in the system placed on hold, while all agents, investigators, and prosecution staff re-grouped in order to turn the clock back and prepare for trial. The Government would be substantially prejudiced if Hodges was now permitted to withdraw his plea agreement.

Factor 3.  Whether the defendant delayed in filing the motion; and if so, the reason for the delay.

An important factor to be considered is the Defendant's delay in filing the motion to withdraw plea agreement. As stated, Hodges pled guilty on April 26, 2016. He filed his Motion to Withdraw Plea Agreement on June 16, 2016 (approximately two months later). As the court noted in *Carr*, 740 F.2d at 344, and *Benavides*, 793 F.2d at 618, the longer a defendant delays in filing a withdrawal motion, the more substantial reasons he must proffer, while, conversely, a prompt withdrawal may indicate that a plea was unknowingly entered in haste. Moreover, Hodges has offered no excuse for the significant delay in filing this motion.

Factor 4.  Whether withdrawal would inconvenience the Court.

The Court may take judicial notice of its own calendar.

Factor 5.  Whether adequate assistance of counsel was available to the defendant.

As demonstrated by the record, Hodges has more than competent representation of counsel in Mr. Lee Tatum. After analyzing the discovery provided, and investigating the case thoroughly, Mr. Tatum advised his client to plead guilty to Count One of the Second Superseding Indictment. Hodges never indicated that he wanted to proceed to trial.

Factor 6.  Whether the plea was knowing and voluntary.

During his April 26, 2016 plea hearing, Hodges informed the Court that he wished to enter a plea. As demonstrated by Findings of Fact and Recommendations of United States Magistrate Judge Don D. Bush, the Court was careful to ensure that each of the defendant's rights was protected and that the requisites of Rule 11 of the Federal Rules of

**Government's Response in Opposition – Page 10**

Criminal Procedure were followed. Hodges informed the Court that he wished to enter a plea of guilty to Count One of the Second Superseding Indictment and that he was doing so freely and voluntarily. At no time did Hodges disagree with the facts presented to the Court.

Hodges pled guilty under oath to the offense contained in the Second Superseding Indictment. Additionally, Hodges agreed to the accuracy of the factual basis presented by the Government in support of the Defendant's guilt. Hodges acknowledged that he understood each of the elements of the offense alleged in the Second Superseding Indictment. As determined by United States Magistrate Judge Don D. Bush and as confirmed by this Court, Hodges' plea was knowing and voluntary and he was competent to enter such a plea. The Fifth Circuit held that in situations such as these where the defendant professes his guilt at the plea hearing, "[s]olemn declarations in open court carry a strong presumption of verity." *Adam*, 296 F.3d at 333, *citing Lampazianie*, 251 F. 3d at 524.

Factor 7.     Whether withdrawal would waste judicial resources.

This Honorable Court may take judicial notice of the judicial resources expended, to date, in reference to this cause. Additionally, the Court may take judicial notice of the judicial resources necessary to proceed to trial, including the time and expense of court personnel, security officer personnel, court staff, and the cost of obtaining the attendance of jurors for this matter.

Moreover, it is respectfully submitted, that, under the facts of this case, as previously stipulated and agreed by Hodges, and as confirmed by Hodges under oath, to

**Government's Response in Opposition – Page 11**

permit Hodges to reverse the process, at this point, and to proceed to trial, would lead to the same result, in terms of guilt/innocence, yet would require the expenditure of precious judicial resources to achieve the same result, in terms of the guilt/innocence aspect of the case. Therefore, it is respectfully submitted that the withdrawal of the Hodges' plea agreement would result in a waste of judicial resources.

For the reasons stated above, Hodges has not and cannot carry his burden, as required under *Carr* and its progeny, of proving that he is entitled to the withdrawal of his plea agreement in this matter.

## VII.

## Conclusion

The Fifth Circuit has held that the rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered; the purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice. *Carr*, 740 F.2d at 345.

Hodges has not met his burden of presenting a credible reason making withdrawal of his plea agreement "fair and just" under the circumstances. Further, it could not be said that this Court would be in abuse of its discretion in denying Defendant's Motion to Withdraw Plea Agreement.

The United States of America respectfully requests that this Honorable Court, on the basis of the pleadings herein, without a hearing, or, by way of the alternative,

following a hearing in this matter, deny the Defendant's Motion to Withdraw Plea Agreement.

        Respectfully submitted,

        JOHN M. BALES
        United States Attorney

        ___/s/_____
        ERNEST GONZALEZ
        Assistant United States Attorney
        Texas Bar No. 00789318
        101 E. Park Blvd., Suite 500
        Plano, Texas 75074
        (972) 509-1201
        (972) 509-1209 (fax)
        Ernest.Gonzalez@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on June 27, 2016.

        ___/s/_____
        ERNEST GONZALEZ