# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | CASE NUMBER 4:14-CR-00028-MAC |
| v. § | |
| § | |
| § | |
| § | |
| MARK HODGES (13), § | |
| § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILTY

The matter having been referred by the Honorable Marcia A. Crone, the Court held a hearing on October 19, 2016, on Defendant's Motion to Withdraw Plea of Guilty (Dkts. 739, 742). In his motion, Defendant seeks to withdraw his guilty plea, which was accepted by the district court, signed on May 12, 2016. The Government filed a Response in Opposition to Defendant's Motion to Withdraw Plea Agreement (752).

## FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 2014, Defendant was indicted in a multi-defendant indictment. Defendant was charged with knowingly and intentionally combining, conspiring, and agreeing with others to knowingly and intentionally possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846 (Dkt. 78). A Second Superseding Indictment (the "Indictment") was entered on May 14, 2014 (Dkt. 115).

On March 17, 2016, Defendant signed a plea agreement (Dkt. 680) and plea addendum (Dkt. 681) to count one of the Indictment charging him with conspiracy to possess and intent to manufacture methamphetamine. Also on March 17, 2016, Defendant signed a factual statement

in support of his plea of guilty (Dkt. 682). On that same day, the United States filed a notice of plea agreement. (Dkt. 618).

On April 26, 2016, Defendant appeared before the United States Magistrate Judge Don Bush[1] for his change of plea hearing (Dkt. 679). Defendant pleaded guilty to count one of the Indictment charging a violation of 21 U.S.C. §§ 841(a)(1) & 846. On May 5, 2016, Findings of Fact and Recommendation on Guilty Plea were entered (Dkt. 711). On May 12, 2016, the district court adopted the report finding Defendant guilty of count one of the Indictment (Dkt. 717).

On June 15, 2016, Defendant filed his Motion to Withdraw Plea Agreement (Dkts. 739, 742).[2] The Court scheduled a hearing on the motion for June 29, 2016 (Dkt. 758). However, after Defendant's counsel made an oral motion for a psychiatric exam, the Court reset the motion hearing to occur after a psychiatric evaluation was completed. Accordingly, after conducting a competency hearing, wherein Defendant was found to be competent to stand trial, the Court conducted a hearing on the motion on October 19, 2016 (Dkt. 856).

## LEGAL STANDARD

A district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows a fair and just reason. *See* FED. R. CRIM. P. 11(d)(2)(B). A defendant has no absolute right to withdraw a guilty plea and bears the burden of establishing a fair and just reason for withdrawing his plea. *See United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a

---

[1] At the time of the guilty plea, this case was referred to United States Magistrate Judge Bush. On September 2, 2016, this case was referred to United States Magistrate Judge Johnson.

[2] Defendant filed two nearly identical motions to withdraw his plea agreement. The first indicates Defendant's attorney attempted to contact the Assistant United States Attorney in the "Certificate of Conference" section (*see* Dkt. 739 at 2), whereas the second indicates Defendant's attorney successfully contacting the Assistant United States Attorney (*see* Dkt. 742 at 2).

defendant to withdraw a guilty plea, the court is granted broad discretion. *See United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984).

The court must look at the following factors to determine whether a defendant may withdraw a plea of guilty prior to sentencing: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal of the motion was granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *See Carr*, 740 F.2d at 343-44. The court is not required to make a finding as to each individual factor. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

## ANALYSIS

The Court notes, in taking Defendant's plea, the Court required Defendant to sign a "Consent to Administration of Guilty Plea and Fed. R. Crim. P. 11 Allocution by United States Magistrate Judge," which incorporates Rule 11's requirements for plea proceedings. *See* Dkt. 683. The consent, signed by Defendant, specifically states: (1) he understands his rights; (2) his sentence may be greater or less than the recommended guideline range; and (3) any estimate as to his possible range of punishment was only an estimate and may be subject to other factors. *See* Dkt. 683 at 2-3. Defendant also signed his plea agreement ( Dkts. 680, 681) and the factual statement (Dkt. 682).

Further, at his plea hearing, Defendant was warned of the consequences of pleading guilty. The Court orally advised Defendant regarding his right to maintain a plea of not guilty, to

present evidence, and to proceed with trial. *See* Dkt. 679. A reviewing court gives great weight to the defendant's statements at the plea colloquy. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). There is nothing in the record that would indicate Defendant's plea was not knowingly and voluntarily entered into, as required by *Carr*.

Further, the facts in the record indicate no *Carr* factors weigh in Defendant's favor. Despite Defendant admitting to the facts contained in the factual statement on paper (Dkt. 682) and in open court under oath (Dkt. 679), he asserted for the first time at the motion hearing that he was not guilty of "a conspiracy." Accordingly, the Court finds this factor to be neutral.

The Court notes Defendant filed the motion three (3) months after signing the plea agreement and one (1) month after the district court adopted the magistrate judge's report. Thus, the Court finds this factor to weigh against Defendant. Moreover, the Court notes the prosecutor, investigators, and agents have moved on to other pressing matters in reliance of Defendant's knowing and voluntary guilty plea. For these reasons, the Court finds the withdrawal would substantially inconvenience the Court, prejudice the Government, and would waste judicial resources.

As to his representation, the Court finds nothing to indicate Defendant has not had close and effective assistance of counsel throughout the pendency of his case.

Because the plea cannot be withdrawn based on the *Carr* factors, Defendant should not be permitted to withdraw his plea of guilty in this case. Thus, his motion should be denied in its entirety.

## RECOMMENDATION

The Court recommends Defendant's Motion to Withdraw Plea of Guilty (Dkts. 739, 742) be **DENIED.**

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988)**.**

**SIGNED this 9th day of November, 2016.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE