IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | CASE NO. 4:14-CR-00028-MAC-KPJ |
| v. | § | |
| | § | |
| | § | |
| MARK HODGES (13), | § | |
| | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES
### MAGISTRATE JUDGE DENYING DEFENDANT'S MOTION TO SUPPRESS

The Court held a hearing on Defendant's *pro se* Notice of Motion to Suppress the Evidence and for the Immediate Hearing under Franks (Dkt. 828) on October 19, 2016. The Court has considered the record before it and the arguments and evidence presented at the hearing. As set forth below, the Court finds the motion should be **DENIED**.

In March of 2014, Drug Enforcement Administration Special Agent Robert Binder and Detective Jeff Ingalls of the Rockwall, Texas Police Department, interviewed a cooperating defendant ("CD"). The CD identified co-defendant David Brown as a methamphetamine trafficker, and Brown agreed to cooperate with law enforcement. On or about March 16, 2014, agents learned Brown supplied Defendant with methamphetamine, and Brown planned on negotiating with Defendant regarding the supply. The agents learned through recorded telephone conversations between Brown and Defendant that Defendant planned to stay at a Super 8 motel in Rockwall, Texas, and Defendant made arrangements to meet Brown at the Wal-Mart in Rockwall, Texas to continue negotiations.

As a result of the phone call, agents made preparations for the arrest of Defendant and any potential co-conspirators who agreed to meet Brown at the Wal-Mart. Agents identified and

maintained surveillance of co-defendant George Parr and Defendant in a red Dodge pickup truck leaving the Super 8 motel. Agents arranged a traffic stop, found two cellular telephones in Defendant's possession, receipts for a wire transfer to Brown, and approximately $2,000.00 in U.S. Currency. The agents executed a search warrant for Defendant's hotel room at the Super 8 motel and seized incriminating evidence.

Defendant was indicted for conspiring with others to knowingly and intentionally possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846. *See* Dkt. 115 at 2. Defendant has been represented by attorney N. Lee Tatum since March 25, 2014. *See* Dkt. 855 at 1. Defendant filed a *pro se* motion to suppress certain evidence in the case for various reasons and requested a hearing (Dkt. 828). The Government filed a response requesting the Court to strike Defendant's motion because he filed it *pro se*, despite having the same court-appointed attorney throughout the pendency of this case (Dkt. 855).

The motion does not bear the signature of Defendant's court-appointed counsel or a certificate of service indicating Defendant sent a copy of his motion to any counsel of record. Furthermore, there is no indication Defendant's attorney has adopted the *pro se* motion. Without the approval of or the adoption of these filings by defense counsel, Defendant is not permitted to file *pro se* pleadings. A "criminal defendant does not have the right . . . to a 'hybrid representation,' partly by counsel and partly by himself." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *accord Batchelor v. Cain*, 682 F.3d 400, 411 n.5 (5th Cir. 2012); *United States v. Long*, 597 F.3d 720, 724 (5th Cir.), *cert denied*, 561 U.S. 1034 (2010); *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008); *United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir.), *cert. denied*, 528 U.S. 1055 (1999) (citing *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996)). Therefore, the Court will not consider Defendant's motion.

Furthermore, even if the Court were to consider Defendant's motion, he would not be entitled to relief. First, Defendant essentially argues the stop and search of the vehicle was not supported by reasonable suspicion of criminal activity. *See* Dkt. 828 at 2. For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion some sort of illegal activity occurred before stopping the vehicle. *See United States v. Banuelos-Romero*, 597 F.3d 763, 766 (5th Cir. 2010). A reasonable suspicion exists when the officer can point to specific and articulable facts that reasonably warrant the search and seizure. *See id.*; *United States v. Santiago*, 310 F.3d 336, 340 (5th Cir. 2002). Here, an agent was acting based on a reliable informant and telephone conversations between Defendant and the informant. Defendant and the informant were planning on conducting negotiations, requiring Defendant to travel from the Super 8 motel to the Wal-Mart. The agents conducted surveillance, identified Defendant, and stopped him accordingly. Because the agents' stop and search of the car was supported by objectively reasonable suspicion, the search was permissible. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968).

Second, Defendant argues the phone calls made between the informant and himself should be suppressed under a "Franks Hearing." *See* Dkt. 828 at 3. Presumably, Defendant is arguing the evidence searched after the police searched his hotel room should be suppressed because the affidavit supporting the search warrant was based on false statement made intentionally or recklessly. The Supreme Court has held there is a presumption of validity with respect to an affidavit supporting a search warrant. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). In order to mandate a "Franks Hearing," the defendant must attack an affidavit of deliberate falsehood or of reckless disregard of the truth, with an offer of proof. *See id.* Specific portions of the affidavit must be pointed out as false. *See id*. Defendant has failed to do any of

the required actions before he is afforded the hearing. He only vaguely mentions the affidavits and warrants were contradictory and false. *See* Dkt. 828 at 3. Thus, Defendant has failed to show he is entitled to a hearing under *Franks*.

## RECOMMENDATION

For these reasons, Defendant's motion to suppress certain evidence (Dkt. 828) should be **DENIED.**

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 9th day of November, 2016.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE