| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 4:14-CR-28(13) |
| § | |
| MARK HODGES § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant, Mark Hodges's ("Hodges") *pro se* Motion for Relief from a Judgment (#953), wherein Hodges maintains that he is entitled to relief as a matter of law because the Second Superseding Indictment was defective and his counsel was ineffective. Having considered the pending motion and the applicable law, the court is of the opinion that the motion should be denied.

I.   Background

In August of 2013, the Drug Enforcement Administration ("DEA") identified Hodges as a member of a multi-kilogram methamphetamine distribution organization based in Rowlett, Texas. On January 23, 2014, officers of the Malden Police Department in Butler County, Missouri, made contact with Hodges at the Airport Inn after being informed that Hodges possessed methamphetamine and currency. A search warrant led to the discovery of 223 rounds of ammunition, $24,110 in cash, an unspecified amount of methamphetamine, and other items. Hodges was arrested on state law charges in Missouri for Possession of a Controlled Substance with Intent to Distribute. He posted a $75,000 bond on February 21, 2014. His bond was later revoked on March 24, 2014, and a warrant for his arrest was issued.

On February 12, 2014, the United States Grand Jury for the Eastern District of Texas returned a one-count Indictment charging twelve individuals with Conspiracy to Possess with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine or 50 Grams or More of Methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1). The DEA arrested Hodges on March 23, 2014, in Rockwall, Texas, while he was in possession of methamphetamine and drug paraphernalia. On April 9, 2014, the Grand Jury returned a First Superseding Indictment naming Hodges as a codefendant. The Grand Jury returned a Second Superseding Indictment on May 14, 2014, adding eight additional defendants to the charge. Hodges pleaded guilty to Count I of the Second Superseding Indictment on April 26, 2016, pursuant to a written plea agreement. On February 22, 2017, the court sentenced Hodges to 188 months' imprisonment to be followed by a 5-year term of supervised release.

II.    Inapplicability of Federal Rules of Civil Procedure to Criminal Proceedings

Citing Rule 60 of the Federal Rules of Civil Procedure, Hodges now seeks relief from what he terms a void judgment. Hodges's reliance on Rule 60 is misplaced, however, as this is a *criminal* proceeding. *See* FED. R. CIV. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts[.]" (emphasis added)); *United States v. Moore*, 671 F. App'x 349, 350 (5th Cir. 2016) ("The rules of civil procedure do not apply in criminal cases"), *cert. denied*, 137 S. Ct. 2103 (2017); *United States v. Kinsey*, 261 F. App'x 210, 212 n.2 (11th Cir. 2008) ("[C]ivil rules of procedure do not provide relief from a judgment in a criminal case."); *United States v. Martinez-Tull*, 226 F. App'x 239, 240 (3d Cir. 2007) ("[Federal Rules of Civil Procedure] apply to civil cases, not criminal cases."); *see also United States v. Rico*, 797

F. App'x 176, 176 (5th Cir. 2020) ("Rule 60 does not apply in criminal proceedings.") (citing *United States v. O' Keefe*, 169 F.3d 281, 289 (5th Cir. 1991)); *United States v. Pulliam*, No. 414CR00156MACCAN, 2017 WL 6016305, at *2 (E.D. Tex. Oct. 18, 2017) (ruling that the court would not consider defendant's petition under Rule 60(b) of the Federal Rules of Civil Procedure, because the civil rules "do not provide a vehicle by which [a defendant] may challenge her criminal conviction in her criminal cause"); *Hinojosa v. Gonzales*, No. M-08-96, 2012 WL 3562404, at *1 (S.D. Tex. July 28, 2012) ("Long-standing precedent indicates that Rule 60(b) of the Federal Rules of Civil Procedure cannot be used in criminal cases."). In short, Rule 60(b) does not provide for relief from a criminal judgment.

Hodges seeks relief under Rule 60(b) because it is his mistaken belief that the Second Superseding Indictment does not allege all of the essential elements of the offense. Hodges argues that the Second Superseding Indictment charges him only with "knowingly conspiring" and lacks the *mens rea* of intention, thus making the indictment defective. The Second Superseding Indictment charges that:

> [D]efendants, did knowingly *and intentionally* combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly *and intentionally* possess with the intent to distribute 500 grams or more of a mixture of substance containing a detectable amount of methamphetamine or 50 grams of methamphetamine (actual). (emphasis added).

Therefore, the Second Superseding Indictment sufficiently alleges all of the essential elements necessary to support a conviction for Conspiracy to Possess with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine or 50 Grams or More of Methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1).

III.   Ineffective Assistance of Counsel—Guilty Plea

In addition to his claim for relief under Rule 60(b), Hodges asserts that he is entitled to relief because his counsel's representation was deficient, alleging that counsel failed to challenge the sufficiency of the indictment and that he "received too long a sentence." To prevail on an ineffective assistance of counsel claim, a petitioner seeking post-conviction relief must satisfy a two-prong test. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *accord Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Renteria v. Davis*, ___ F. App'x ___, No. 19-70009, 2020 WL 2569938, at *3 (5th Cir. May 21, 2020); *Nelson v. Davis*, 952 F.3d 651, 659 (5th Cir. 2020); *United States v. Nguyen*, No. 04-081, 2006 WL 2946318, at *2 (E.D. La. Oct. 12, 2006) ("The legal standard for ineffective assistance of counsel claims as it is laid out in *Strickland v. Washington* is highly deferential to counsel and therefore difficult for a convicted defendant to overcome.").

First, Hodges must show that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" by demonstrating that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88; *see Williams*, 529 U.S. at 390-91; *Gonzales v. Davis*, 924 F.3d 236, 246 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1143 (2020); *Norman v. Stephens*, 817 F.3d 226, 232-33 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1201 (2017); *Dorsey v. Stephens*, 720 F.3d 309, 319-20 (5th Cir. 2013), *cert. denied*, 571 U.S. 1209 (2014). To make this showing, he must overcome a "strong presumption" that counsel's conduct fell within a "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 698; *see Nelson*, 952 F.3d at 659; *Vasquez v. Thaler*, 505 F. App'x 319, 327 (5th Cir.), *cert. denied*, 571

U.S. 832 (2013); *Sonnier v. Quarterman*, 476 F.3d 349, 356 (5th Cir.), *cert. denied*, 552 U.S. 948 (2007). "[R]easonableness [is] judged under professional norms prevailing at the time counsel rendered assistance." *Ripkowski v. Thaler*, 438 F. App'x 296, 304 (5th Cir. 2011), *cert. denied*, 565 U.S. 1205 (2012); *see Strickland*, 466 U.S. at 688; *United States v. Shepherd*, 880 F.3d 734, 741 (5th Cir. 2018); *Haynes v. Cain*, 298 F.3d 375, 380 (5th Cir.), *cert. denied*, 537 U.S. 1072 (2002). When reviewing such claims, "[j]udicial scrutiny of counsel's performance must be highly deferential," uncolored by "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689; *see Nelson*, 952 F.3d at 667; *Thompson v. Davis*, 916 F.3d 444, 459 (5th Cir. 2019); *Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir.), *cert. denied*, 136 S. Ct. 402 (2015); *United States v. Juarez*, 672 F.3d 381, 386 (5th Cir. 2012).

Second, Hodges must show that the deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 687; *accord Williams*, 529 U.S. at 390; *Fretwell*, 506 U.S. at 370-72; *Nelson*, 952 F.3d at 662; *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir.)*, cert. denied*, 562 U.S. 911 (2010); *Sonnier*, 476 F.3d at 356. He must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different and that counsel's errors were so serious as to deprive him of a fair trial, a trial with a reliable result. *See Strickland*, 466 U.S. at 687; *accord Williams*, 529 U.S. at 391; *Fretwell*, 506 U.S. at 370-72; *Nelson*, 952 F.3d at 659; *Harrison v. Quarterman*, 496 F.3d 419, 424 (5th Cir. 2007); *Haynes*, 298 F.3d at 380.

Specifically, when a guilty plea is challenged, the petitioner must demonstrate that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Missouri v. Frye*, 566 U.S. 134, 148 (2012) (quoting *Hill*

*v. Lockhart*, 474 U.S. 52, 59 (1985)); *see Young v. Spinner*, No. 16-30516, 2017 WL 4323134, at *3 (5th Cir. Sept. 29, 2017); *Loden*, 778 F.3d at 494; *Juarez*, 672 F.3d at 385. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams*, 529 U.S. at 391 (quoting *Strickland*, 466 U.S. at 694); *accord Trevino v. Davis*, 861 F.3d 545, 549 (5th Cir. 2017); *Gregory*, 601 F.3d at 352; *Haynes*, 298 F.3d at 380. "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002) (quoting *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999)), *cert. denied*, 538 U.S. 1001 (2003). Rather, "the likelihood of a different outcome must be 'substantial, not just conceivable.'" *Williams v. Stephens*, 761 F.3d 561, 567 (5th Cir. 2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)), *cert. denied*, 135 S. Ct. 1735 (2015). "Mere 'error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *McAfee v. Thaler*, 630 F.3d 383, 394 (5th Cir.) (quoting *Strickland*, 466 U.S. at 691), *cert. denied*, 565 U.S. 1057 (2011).

Moreover, the Fifth Circuit has made clear that conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)); *see Barnard v. Collins*, 958 F.2d 634, 642 n.11 (5th Cir. 1992) ("In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [the defendant's] right to a fair trial, we conclude there is no merit to these additional contentions."). The court's scrutiny of counsel's assistance is highly deferential, and the Fifth Circuit presumes that "counsel's conduct falls within the wide range of reasonable professional

assistance." *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005); *see Strickland*, 446 U.S. at 689; *Nelson*, 952 F.3d at 667; *Carballo v. Davis*, No. CV H-17-0647, 2018 WL 1787935, at *1 (S.D. Tex. Jan. 3, 2018).

Here, Hodges has not overcome the presumption that counsel provided reasonable professional assistance. In addition, Hodges has failed to demonstrate that there is a reasonable probability that, absent his counsel's allegedly erroneous advice, he would have insisted on going to trial. *See Frye*, 566 U.S. at 148; *Hill*, 474 U.S. at 59; *Strickland*, 466 U.S. at 678; *Young*, 2017 WL 4323134, at *3; *Loden*, 778 F.3d at 494; *Juarez*, 672 F.3d at 385. He also makes no showing that a trial would have resulted in a more favorable outcome. Hodges simply asserts that, in his estimation, his attorney caused him to receive too long of a sentence, failed to undertake a pretrial investigation, and failed to file an appeal. These assertions lack any support in the record.

Indeed, Hodges's offense entailed his participation in a drug trafficking conspiracy involving the distribution of between 1.5 and 5 kilograms of a mixture or substance containing a detectable amount of methamphetamine or between 150 and 500 grams of methamphetamine (actual) in which he supplied coconspirators with kilogram quantities of methamphetamine imported from Mexico from various sources for distribution to others in the Eastern and Northern Districts of Texas. After methamphetamine and drug paraphernalia were recovered from his hotel room in January 2014, Hodges received 1 kilogram of methamphetamine from a codefendant in Missouri in March 2014, discussed drug trafficking and payment for drugs during recorded phone conversations, and traveled to Rockwall, Texas, in March 2014 to meet with drug associates and attempt to pick up an additional 2 kilograms of methamphetamine. His extensive criminal history includes prior convictions for theft, driving with a blood alcohol content (2), assault (2), delivery

of a controlled substance, possession of a controlled substance (3), possession of a firearm in furtherance of a drug trafficking crime, possession with intent to deliver a controlled substance, fraudulent possession of a controlled substance or prescription, evading arrest with a motor vehicle, and bail jumping.  He repeatedly failed to comply with previous terms of probation, parole, and supervised release and has a long history of substance abuse.  A review of his Presentence Investigation Report reveals that Hodges did not accept responsibility for his offense of conviction, malingered about the seriousness of his mental health condition during an evaluation, and spit into the face of a correctional officer after his arrest.  As a result, Hodges faced a guideline imprisonment range of 262 to 327 months.  Nevertheless, Hodges's counsel was able to negotiate a binding plea agreement of 188 months' imprisonment.  Thus, Hodges's counsel was extremely effective under the circumstances.

Moreover, the record shows that his attorney provided reasonable representation throughout the entirety of the proceedings.  Hodges has failed to adduce sufficient evidence to overcome the strong presumption that his counsel rendered reasonable professional assistance.  He, likewise, has failed to demonstrate that his attorney's performance prejudiced him or led to an improvident result.  Further, the record does not provide any basis for the court to conclude that his counsel's assistance was ineffective.  At his change of plea hearing, Hodges stated that he was satisfied with his attorney's representation.[1]  Thus, there is no evidence in the record

---

[1] When asked by the court if he was satisfied with his attorney's representation, Hodges responded, "Yes, Sir."

suggesting that Hodges's decision to plead guilty was anything but voluntary and knowing.[2] Therefore, Hodges's ineffective assistance of counsel claims do not merit relief.

IV.     Conclusion

Consistent with the foregoing analysis, Hodges's Motion for Relief from a Judgment (#953) is denied.

SIGNED at Beaumont, Texas, this 28th day of June, 2020.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[2] After the court admonished Hodges about his constitutional rights, the court asked Hodges, "Do you understand those rights as I have gone over them with you?" Hodges responded, "Yes, your Honor." After the court asked Hodges if he was voluntarily entering into his plea free from force, threat, or promises outside of the plea agreement, Hodges responded, "Yes, your Honor."